UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN,

        Plaintiff,

    v.                             Case No. 24-10151

AARON BRADFORD LEWIS,       Hon. George Caram Steeh

        Defendant.

_____/

ORDER OF REMAND

      Defendant Aaron Bradford Lewis filed a notice of removal on January 19, 2024. Although Defendant has not attached a copy of the state court complaint, he contends that the state is accusing him of failing to pay child support and of leaving the state to avoid paying child support. It appears that Defendant is attempting to remove a criminal case. *See* M.C.L. § 750.165 (failure to pay court-ordered child support a felony offense).

      State criminal cases may only be removed to federal court in rare circumstances. *See Michigan v. Mixon*, 2021 WL 1439706, at *1 (E.D. Mich. Apr. 16, 2021). The removal statute provides that if "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

- 1 -

Federal law permits the removal of criminal actions by federal officers under certain circumstances, which do not appear to be present here, as Defendant does not allege that he is a federal officer. *See* 28 U.S.C. § 1442. Removal is also permitted under 28 U.S.C. § 1443, if a two-pronged test is satisfied. First, the removing party must show denial of a right "under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation omitted). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (citation omitted).

Defendant has not alleged that § 1443 applies or is satisfied here. The court notes that claims of constitutional violations or other dissatisfaction with the state proceedings are insufficient to render a removal proper. *Id.* ("That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).").

To the extent Defendant is also attempting to remove the underlying civil child support/custody action that gave rise to the criminal prosecution,

such removal is improper because the court lacks subject matter jurisdiction. "Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a)). Federal subject matter jurisdiction may be based upon diversity under 28 U.S.C. § 1332 or a federal question under 28 U.S.C. § 1331. The court has diversity jurisdiction when the case is between parties of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The court has federal question jurisdiction over claims arising under federal law. 28 U.S.C. § 1331.

The removing party bears the burden of demonstrating that the court has subject matter jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 549-50 (citation omitted). "A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." *Lexington-Fayette Urban*

*County Government Civil Service Comm'n v. Overstreet*, 115 Fed. Appx. 813, 816-17 (6th Cir. 2004).

Defendant has not properly alleged jurisdiction based upon diversity or a federal question, as the parties do not appear to be of diverse citizenship and the complaint does not allege a violation of federal law. Additionally, the domestic relations exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). *See also Chevalier v. Est. of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) (no federal jurisdiction when "a plaintiff positively sues in federal court for divorce, alimony, or child custody . . . or seeks to modify or interpret an existing divorce, alimony, or child-custody decree").

For these reasons, the court concludes that it lacks subject matter jurisdiction over this case. IT IS HEREBY ORDERED that this action is REMANDED to Oakland County Circuit Court.

Dated: January 25, 2024

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on January 25, 2024, by electronic and/or ordinary mail
and also on Aaron Bradford Lewis, PO Box 6842,
Detroit, MI 48206.

s/LaShawn Saulsberry
Deputy Clerk